1  JAMES A. ZAPP (SB# 94584)
   jameszapp@paulhastings.com
2  FELICIA A. DAVIS (SB# 266523)
   feliciadavis@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY &
4  WALKER LLP
   515 South Flower Street, 25th Floor
5  Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
6  Facsimile: (213) 627-0705

7  Attorneys for Defendant
8  WALT DISNEY PARKS AND RESORTS
   U.S., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNALDO PINTO; JUAN C. GUZMAN; JUAN FELIX VALENZUELA; FAUSTO C. TORRES; JESUS ENRIQUEZ ACERO; BENJAMIN PUENTES; RICARDO RIVERA(Z); <br><br>Plaintiffs, <br><br>vs. <br><br>THE WALT DISNEY COMPANY and WALT DISNEY WORLD CO., through its division, DISNEYLAND RESORT; DISNEYLAND CRAFT MAINTENANCE COUNCIL; INTERNATIONAL UNIONS and the LOS ANGELES/ORANGE COUNTIES BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO; UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES UNION OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, and its LOCAL UNION NO. 582; LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, and its LOCAL UNION NO. 652; and DOES 1-5, inclusive; <br><br>Defendants. | CASE NO. 8:10-CV-00184-AG-(MLGX) <br><br>[~~PROPOSED~~] PROTECTIVE ORDER <br><br>Judge: Hon. Andrew J. Guilford |

1    Having considered the Parties' Joint Stipulation for Protective Order,
2    and good cause appearing therefore; the Court hereby orders the following:

4    Whereas, the parties agree that the discovery phase of the above-
5    entitled action may include the disclosure of confidential, private, proprietary or
6    competitively sensitive information.

8    Whereas, it is the parties' intention to provide a mechanism by which
9    full discovery of all relevant information may be obtained in a manner which
10   protects all parties from the risk of disclosure of confidential information to third
11   parties.

13   Whereas, CONFIDENTIAL means and includes information contained
14   or disclosed in any deposition testimony or exhibits, interrogatory responses,
15   responses to requests for admissions, responses to demands for inspection, and/or
16   documents produced by the parties to this action or by any third party that
17   constitutes confidential proprietary contractual documents not generally available to
18   the public, other confidential proprietary commercial information, private medical
19   information regarding individuals not a party to this action, or private personnel
20   records regarding individuals not a party to this action.

22   Whereas, the parties stipulate that any party to this Order may
23   reasonably and in good faith designate portions of a deposition transcript as
24   CONFIDENTIAL, provided such designation is made on the record during the
25   deposition or within thirty (30) calendar days after receipt of the deposition
26   transcript. Further, any party to this Protective Order may reasonably and in good
27   faith designate written discovery responses, documents, or other information as
28   CONFIDENTIAL provided such designation is stamped on the documents and/or

made in writing concurrently with the production of such documents, or within thirty (30) calendar days after receipt of such documents.

Whereas, any party not in agreement with the designation of testimony, written discovery responses, documents, or other information as CONFIDENTIAL may object to the designation. The objecting party will notify, in writing, Counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) calendar days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue will be treated as CONFIDENTIAL, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

Whereas, documents, testimony and other information designated as CONFIDENTIAL will not be disclosed by the receiving party to anyone other than those persons designated herein and will be handled in the manner set forth below and, in any event, will not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

Whereas, testimony, written discovery responses, documents, or other information designated CONFIDENTIAL shall be held in strict confidence and shall be disclosed only to:

    (a)    Attorneys of record, in-house counsel of any party, and their respective legal assistants and staff;

    (b)    Parties to this action;

|   |   |   |
|---|---|---|
| 1 | (c) | Court reporters and interpreters of sworn proceedings; |
| 2 |   |   |
| 3 | (d) | Non-party expert witnesses or consultants retained solely for the |
| 4 |   | purpose of this litigation; and |
| 5 |   |   |
| 6 | (e) | Third-party witnesses to this action. |

The documents and any information contained therein shall not be disclosed to any other individual or entity other than the Court, the jury or a witness during trial or deposition.

Whereas, all persons listed in Paragraphs 7(d) and 7(e) above may be given access to testimony or documents designated as CONFIDENTIAL only after they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the acknowledgement attached to the parties' Joint Stipulation for Protective Order as Exhibit A.

Whereas, any document filed or lodged with the Court that reveals any information contained in the documents or other information appropriately designated as CONFIDENTIAL shall be filed under seal, and kept by the Clerk under seal, and shall be made available to the Court or persons authorized by the terms of this Order to have access thereto. A party or its counsel filing or lodging any such documents shall inform the Clerk that all or a portion designated thereof is subject to this Order and is to be kept under seal. Upon default of the filing or lodging party to so designate, any party to this Order may do so within 30 days after the document is filed or lodged.

| | |
|---|---|
| 1 | Whereas, before any materials that are designated as |
| 2 | CONFIDENTIAL are filed with the Court for any purpose, the party seeking to file |
| 3 | such materials will seek permission of the Court to file the materials under seal |
| 4 | pursuant to Local Rule 79-5.  All materials filed with the Court under seal may be |
| 5 | viewed by the Court and its personnel. |
| 6 | |
| 7 | Whereas, CONFIDENTIAL documents produced and designated |
| 8 | under the terms of this Order shall be segregated and maintained in a safe and |
| 9 | secure manner at the premises of counsel of record for the non-producing party, |
| 10 | with a copy of this Order at all times accompanying the documents. |
| 11 | |
| 12 | Whereas, nothing in this Order will bar Counsel from rendering advice |
| 13 | to their client with respect to this action and, in the course thereof, relying upon any |
| 14 | CONFIDENTIAL materials, provided that the contents of the materials will not be |
| 15 | disclosed. |
| 16 | |
| 17 | Whereas, this Order will be without prejudice to the right of any party |
| 18 | to oppose production of any materials for lack of relevance or any other ground |
| 19 | other than the mere presence of CONFIDENTIAL information.  The existence of |
| 20 | this Order will not be used by either party as a basis for discovery that is otherwise |
| 21 | improper under the Federal Rules of Civil Procedure. |
| 22 | |
| 23 | Whereas, nothing herein will be construed to prevent disclosure of |
| 24 | CONFIDENTIAL information if such disclosure is required by law or by order of |
| 25 | the Court.  If the receiving party is required by law or by order of the Court to |
| 26 | disclose any CONFIDENTIAL information, the receiving party shall notify the |
| 27 | designating party in writing of the required disclosure within forty-eight (48) hours |
| 28 | |

1 of receipt of notice to disclose and before disclosure of any CONFIDENTIAL
2 information.

4 Whereas, upon final termination of this action, including any and all
5 appeals, Counsel for each party will, upon request of the producing party, return all
6 CONFIDENTIAL information to the party that produced the information, including
7 any copies, excerpts, and summaries thereof, or will destroy same at the option of
8 the producing party, and will purge all such information from all machine-readable
9 media on which it resides. Notwithstanding the foregoing, counsel for each party
10 may retain all pleadings, briefs, memoranda, motions, and other documents filed
11 with the Court that refer to or incorporate CONFIDENTIAL information, and will
12 continue to be bound by this Order with respect to all such retained information.
13 Further, attorney work product that contains CONFIDENTIAL information need
14 not be destroyed, but, if it is not destroyed, the person in possession of the attorney
15 work product will continue to be bound by this Order with respect to all such
16 retained information.

18 Whereas, the restrictions and obligations herein will not be deemed to
19 prohibit discussions of any CONFIDENTIAL information with anyone if that
20 person already has or obtains legitimate possession thereof.

22 Whereas, this Order may be modified by agreement of the parties,
23 subject to approval by the Court, or if the parties are unable to agree, by the Court
24 upon a showing of good cause.

26 Whereas, the Court may modify the terms and conditions of this Order
27 for good cause, or in the interest of justice, or on its own order at any time in these
28 proceedings. The parties prefer that the Court provide them with notice of the

LEGAL_US_W # 68583665.1 - 5 -
CASE NO. 8:10-CV-00184-AG-MLG [~~PROPOSED~~] PROTECTIVE ORDER

Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: July 19, 2011

**HON. MARC L. GOLDMAN**
**United States Magistrate Judge**